Mona NAGUIB, Appellant

v.

Latif NAGUIB, Appellee.

No. 05–05–00496–CV.

Court of Appeals of Texas, Dallas.

Jan. 24, 2006.

Judith A. Grantham, Carrollton, for Appellant.

John J. Pfister, Pfister & Associates, Frisco, for Appellee.

Before Justices O'NEILL, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

The parties were divorced on February 6, 2003. On August 6, 2004, appellee filed a petition to modify the parent child relationship. A jury trial was held and a final judgment modifying the conservatorship of the child was entered on January 7, 2005. Additionally, the trial court assessed attorney's fees of $7,500 against appellant and ordered that the attorney's fees were "for legal services rendered in relation to the child and in the nature of child support." On appeal, the appellant asserts that the trial court erred when it ordered the assessment of attorney's fees "in the nature of child support." For the following reasons, we modify the trial court's order to delete all characterizations of the attorney's fees as "in the nature of child support" and, as modified, affirm the order.

## I. Standard of Review

■ Appellant does not challenge the order assessing against her attorney's fees and costs, nor the amount at which they were assessed. However, she challenges the trial court's characterization of these fees and costs as being "in the nature of child support." She contends that Texas law prohibits assessing attorney's fees and costs as "child support" in a suit to modify

the parent-child relationship. Awarding attorney's fees in the nature of child support is a legal conclusion. Accordingly, we review the trial court's order de novo.[1] *See Finley v. May*, 154 S.W.3d 196, 197–199 (Tex.App.-Austin 2004, no pet.); *In re Moers*, 104 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

## II. Applicable Law

The legislature specifically distinguished between the assessment of fees and costs in child support enforcement actions as opposed to assessment of attorney's fees and costs in modification suits because of the potentially serious consequences that stem from an award of attorney's fees as child support. *See* TEX. FAM.CODE ANN. §§ 106.002, 157.167 (Vernon 2006); *Finley*, 154 S.W.3d at 197. In a suit affecting the parent-child relationship, the trial court has the discretion to "render judgment for reasonable attorney's fees and expenses" and such fees may be enforced "by any means available for the enforcement of a judgment for debt." TEX. FAM.CODE ANN. § 106.002. Texas law prohibits imprisoning a person for debt. TEX. CONST. art. I § 18. Attorney's fees awarded in a suit involving child support enforcement are not viewed as debt and may be enforced by contempt. TEX. FAM.CODE ANN. § 157.167; *see also Finley*, 154 S.W.3d at 199; *Moers*, 104 S.W.3d at 611. Additionally, attorney's fees awarded in a suit seeking enforcement of child support may be collected by withholding earnings of the party against whom the award is assessed. TEX. FAM.CODE ANN. § 158.0051 (Vernon 2006).

---

1. Texas appellate courts disagree about the appropriate standard of review when attorney's fees are awarded as child support in non-enforcement cases. The Fourteenth Court of Appeals has stated that it reviews the award of attorney's fees in the nature of child support for an abuse of discretion. *Hardin v. Hardin*, 161 S.W.3d 14, 18–19 (Tex.App.-Houston [14th Dist.] 2004, pet. granted, judgm't vacated w.r.m.); *London v. London*, 94 S.W.3d 139, 146 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

### III. Analysis and Conclusion

Appellee asserts that attorney's fees awarded in a suit affecting the parent-child relationship may be denominated as necessaries to the children. *See In the Interest of A.J.L. and E.M.L.*, 108 S.W.3d 414, 421–22 (Tex.App.-Fort Worth 2003, pet. denied); *London*, 94 S.W.3d at 146. This proposition is premised on the concept that a parent has an obligation to support her minor children. *A.J.L.*, 108 S.W.3d at 422. However, the *A.L.J.* and *London* cases are distinguishable from the issue and facts before us. Those cases focus solely upon the recovery of attorney's fees as "necessaries to the child." They do not address the precise issue before us which is the characterization of, and enforcement of, attorney's fees as child support.

In the case before us, the appellee sought to modify the conservatorship of the child and the attorney's fees awarded the appellee were incurred only in pursuing the suit to modify the parent-child relationship. The record does not reflect any claims for enforcement of delinquent child-support obligations. TEX. FAM.CODE ANN. §§ 106.002, 157.167; *Finley*, 154 S.W.3d at 197. Consequently, there is no basis in the facts or the law to characterize the award of attorney's fees as "in the nature of child support." We decide in appellant's favor on his issue. Accordingly, we modify the order regarding attorney's fees in the amount of $7,500 to assess them only as a judgment debt, not as child support.

The trial court's order is affirmed as modified.