231 S.W.3d 562 (2007)
In the Interest of M.A.N.M. and A.B.N.M, Minor Children.
No. 05-05-00981-CV.
Court of Appeals of Texas, Dallas.
August 16, 2007.
*563 Bern A. Mortberg, Dallas, pro se.
Robert E. Holmes, Jr., Paul Hewett, Angel Berbarie, Holmes, Woods, Diggs & Eames, Dallas, for Appellee.
Before Justices MOSELEY, BRIDGES, and RICHTER.

OPINION
Opinion by Justice BRIDGES.
Bern Mortberg appeals the trial court's award of attorney's fees to Joylyn Niebes, asserting the trial court erred in awarding the fees because (1) attorney's fees cannot *564 be awarded in the nature of child support on a petition to modify the parent-child relationship; (2) there was no good cause to award Niebes, the non-prevailing party, attorney's fees; and (3) there was no evidence the fees were reasonable and necessary. We modify the trial court's judgment to delete all characterizations of the attorney's fees as "in the nature of child support" and, as modified, affirm the judgment.

Background
On February 6, 2003, Mortberg and Niebes were divorced and named joint managing conservators of their two children. However, Niebes was given a number of exclusive rights and duties, including establishing the primary residence of the children; consenting to medical, psychiatric, and psychological treatment for the children; receiving child support; making decisions of substantial legal significance concerning the children; representing the children in legal actions; consenting to the children marrying or enlisting in the armed forces; making decisions concerning the children's education; receiving the services and earnings of the children; acting as the agent of the children in relation to their estates; and managing the children's estates. Further, Mortberg was awarded less time of possession of the children than the time provided for in the standard possession order in the Texas Family Code.[1]
On July 8, 2003, Mortberg filed a petition to modify the parent-child relationship, seeking additional possession of the children. Mortberg subsequently amended the petition, requesting (1) he be awarded, as a joint and managing conservator, some of the rights and duties that the divorce decree awarded exclusively to Niebes;[2] (2) the primary residence of the children be restricted to Dallas County; (3) each party be required to designate both parents as the first persons to be notified in case of an emergency involving the children; (4) each party be required to notify the other parent of any illness or medical injury to the children; (5) each party be required to notify the other parent of the scheduling of any organized activities for the children; (6) Niebes be required to provide information to Mortberg regarding the children's health insurance; (7) he be granted expanded standard possession of the children under Texas Family Code sections 153.311 through 153.317; (8) each parent have a first right of refusal to babysit the children if the other parent could not care for the children for four hours or longer; (9) each parent have the right to reasonable telephone access to the children during the other party's periods of possession; (10) each parent be required to pick up the children at the other parent's residence or at school following a period of possession; and (11) Niebes be enjoined from making disparaging comments about Mortberg or his family to the children. Mortberg also requested a social study be performed. Niebes filed a counter-motion to modify, seeking an increase in child support, and a motion to enforce, requesting the trial court order Mortberg to pay one-half of the children's uninsured medical expenses and one-half of the federal income taxes owed for 1999 and 2000. Both parties sought attorney's fees.
*565 At the February 22, 2005 hearing, Mortberg objected to the trial court hearing Niebes's motion to enforce because it was filed less than twenty days prior to trial. The trial court granted the objection and heard only the two petitions to modify. The parties agreed on a number of issues,[3] but proceeded to trial on awarding Mortberg additional rights and duties as a joint managing conservator, requiring Niebes to provide Mortberg with information regarding the children's health insurance, granting Mortberg expanded standard possession of the children, granting each parent the right of first refusal to babysit the children, and requiring each parent to pick up the children at the other parent's residence following a period of possession.[4]
At the conclusion of the hearing, the trial court found the parties' agreements were in the best interests of the children. The trial court also found certain provisions of the standard possession order in the family code would "be unworkable or inappropriate in this case, and are not in the best interest of the children." Although the trial court granted Mortberg additional possession of the children, Mortberg was not granted the expanded standard possession he sought and received essentially the possession Niebes had agreed to at the beginning of the hearing. The trial court denied Mortberg's request for additional rights and duties and Mortberg's request Niebes be required to pick up the children at Mortberg's residence following Mortberg's periods of possession. Although the trial court granted a first right of refusal to babysit the youngest child if a parent could not be with that child for eight hours or longer, it denied Mortberg's request as to the older child and Mortberg's request the time period be four hours or more. The trial court ordered Niebes to provide Mortberg with information regarding the children's health insurance, found Mortberg had been paying more than the actual premium for the insurance, and awarded Mortberg a credit for the overpayment. The trial court also ordered Mortberg to undergo a psychological evaluation and to provide the results of the evaluation to the children's therapists. The trial court did not rule on the parties' requests for attorney's fees.
After hearing Niebes's motion to enforce on April 13, 2005, the trial court awarded Niebes $3,500 in fees on the motion to enforce and $20,000 in fees on the petition to modify. Mortberg appealed only the fees awarded on the petition to modify.

Fees as Child Support
In his first issue, Mortberg argues the trial court erred in awarding attorney's fees as child support on a petition to modify.[5] Because awarding attorney's *566 fees in the nature of child support is a legal conclusion, we review the trial court's order de novo. Naguib v. Naguib, 183 S.W.3d 546, 547 (Tex.App.-Dallas 2006, no pet.).
Mortberg and Niebes both filed petitions to modify, and Niebes also filed a motion to enforce. The trial court awarded separate attorney's fees on the motion to enforce. Accordingly, the $20,000 in fees about which Mortberg complains were awarded solely on the petitions to modify.
The Texas Legislature distinguished between the award of attorney's fees and costs in child support enforcement actions and in modification suits because of the potentially serious consequences that stem from an award of attorney's fees as child support. TEX. FAM.CODE ANN. §§ 106.002, 157.167(a) (Vernon Supp.2006); Naguib, 183 S.W.3d at 547. Because the fees were not awarded on a motion to enforce delinquent child support obligations, "there is no basis in the facts or the law to characterize the award of attorney's fees as `in the nature of child support.'" Naguib, 183 S.W.3d at 548. Accordingly, we sustain Mortberg's first issue and modify the order regarding attorney's fees in the amount of $20,000 to assess them only as a judgment debt, not as child support. Id.

Award of Fees
In his second issue, Mortberg contends the trial court erred in awarding attorney's fees to Niebes as the non-prevailing party without a showing of good cause. It is within the trial court's sound discretion to award reasonable attorney's fees in a suit affecting the parent-child relationship. TEX. FAM.CODE ANN. § 106.002; Lenz v. Lenz, 79 S.W.3d 10, 21 (Tex.2002); Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex.1996). However, in family law cases, "it is not always so easy to determine who the successful party is." Goheen v. Koester, 794 S.W.2d 830, 836 (Tex.App.-Dallas 1990, writ denied); see Nordstrom v. Nordstrom, 965 S.W.2d 575, 583 (Tex.App.-Houston [1st Dist.] 1997, pet. denied). But, in the context of attorney's fees, the prevailing party is typically the party who either successfully prosecutes the action or successfully defends against it, prevailing on the main issue. Jakab v. Gran Villa Townhouses Homeowners Ass'n, Inc., 149 S.W.3d 863, 867 (Tex.App.-Dallas 2004, no pet.). In other words, the prevailing party is the one vindicated by the judgment. Id.
Pointing to the trial court's award of a credit to Mortberg for his over-payment of health care premiums for the children, Mortberg claims he was the prevailing party. However, the majority of the testimony offered on the contested issues at the hearing related to Mortberg's requests for expanded standard possession and that he be awarded additional rights and duties as a joint managing conservator. Although Mortberg was granted additional possession of the children, the trial court denied his requests for expanded standard possession and that he be granted additional rights and duties. Further, the trial court ruled against Mortberg on other issues, including his requests he be given first refusal rights to babysit both children if Niebes could not care for them for a period of four hours and that Niebes be required to pick up the children at *567 Mortberg's residence following his periods of possession. Finally, at Niebes's request, the trial court ordered Mortberg to undergo a psychological evaluation and to provide the results to the children's therapists. After comparing the relief requested by Mortberg with the relief actually granted by the trial court, we cannot say the trial court abused its discretion in awarding attorney's fees to Niebes. Therefore, we overrule Mortberg's second issue.

Reasonableness and Necessity of Fees
In his third issue, Mortberg contends the trial court erred in finding Niebes's attorney's fees were reasonable and necessary and the "proper legal basis for establishing such is wholly missing from the record." The trial court has broad discretion in deciding the award of attorney's fees under section 106.002 of the family code. Lenz, 79 S.W.3d at 21; Bruni, 924 S.W.2d at 368. The trial court does not abuse its discretion when an award of attorney's fees is supported by the evidence. Tull v. Tull, 159 S.W.3d 758, 760 (Tex.App.-Dallas 2005, no pet.).
The reasonableness of an attorney's fee award is a question of fact and must be supported by competent evidence. Id. To support an award of reasonable attorney's fees, there should be evidence of the time spent by the attorney on the case, the nature of the preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. Hardin v. Hardin, 161 S.W.3d 14, 24 (Tex. App.-Houston [14th Dist.] 2004, no pet.). However, "evidence on each of these factors is not necessary to determine the amount of an attorney's fee award." Sandles v. Howerton, 163 S.W.3d 829, 838 (Tex.App.-Dallas 2005, no pet.). The court may also consider the entire record and the common knowledge of the lawyers and judges. Id.; Keith v. Keith, 221 S.W.3d 156, 169 (Tex.App.-Houston [1st Dist.] 2006, no pet.).
During the hearing on the petitions to modify, Mortberg stipulated to the qualifications, or experience, of Niebes's attorney. As to the complexity of the case, Mortberg raised eleven issues in his petition to modify, none of which were resolved until the hearing on the petition began, and requested a social study. Niebes's attorney testified Mortberg's positions regarding discovery contributed to the amount of time spent on the case. He also testified Niebes had incurred $24,028.26 in attorney's fees prior to trial and estimated she had incurred an additional $10,000 in fees for trial preparation and trial.
When the parties returned to the trial court on Niebes's motion to enforce, Mortberg's counsel noted the order on the petitions to modify included a space for attorney's fees that had been left blank. The trial court noted it could not sign the order "until we fill in the blank." Without objection, Niebes's counsel testified during the hearing on the motion to enforce:
Judge, I would say that we already testified previously to attorney fees of $34,028.06 and I would submit that approximately I will say a[sic] $3500 of that was probably attributable to these motions that we are paying [sic] before the Court. I would think that those are reasonable and necessary in pursuing these matters so that $34,000 included everything up to that point.
There was no testimony about Niebes's attorney's hourly rate or the number of hours he spent on the case. However, there is no rigid requirement that there must be evidence on both these facts to make a determination of attorney's fees. Sandles, 163 S.W.3d at 839; Keith, 221 S.W.3d at 170 (no requirement attorney *568 must state exact dollar amount and number of hours necessary to appeal). Rather, Niebes's counsel testified as to the total fees incurred and that the fees were reasonable and necessary. The trial court awarded $20,000 in fees, less than the $30,528.06 in fees requested by Niebes on the petitions to modify.
Based on the record, we cannot conclude the trial court abused its discretion in its award of attorney's fees to Niebes. We overrule Mortberg's third issue.
We modify the trial court's order to reflect the attorney's fees in the amount of $20,000 are assessed as a judgment debt, not in the nature of child support and, as modified, affirm the trial court's judgment.
NOTES
[1] See TEX. FAM.CODE ANN. § 153.311-.317 (Vernon 2002 and Supp.2006).
[2] Mortberg did not request he be given the right to establish the primary residence of the children, the right to receive child support, or the duty to manage the children's estates.
[3] The parties agreed to the residency restriction, designating both parents as the person to be notified in case of an emergency involving the children, notifying the other parent of illness or injury to the children, notifying the other parent of organized activities for the children, allowing reasonable telephone access to the children during the other parent's period of possession, increased child support, and an injunction preventing either party from making disparaging remarks about the other parent or that parent's family to the children.
[4] As to possession, Niebes agreed at the beginning of the hearing that Mortberg could have possession of the children from Friday through Sunday evening on the first, third, and fifth weekends of the month, for four separate weeks during the summer, and "standard type holiday usually have different, you know, deals around Christmas that they craft for themselves. . . ." The trial court clarified Niebes essentially agreed to a standard possession order, but opposed expanded standard possession.
[5] Mortberg also asserts in his first issue that the trial court erroneously based the attorney's fee award on improper argument by Niebes's counsel. This argument would have been better raised in Mortberg's third issue in which he contends the trial court abused its discretion in awarding attorney's fees without evidence the fees were reasonable and necessary. Because we have concluded in issue three the trial court did not abuse its discretion in awarding the fees, we decline to address Mortberg's contention the award was based on improper argument by Niebes's counsel.