299 S.W.3d 517 (2009)
In the Interest of K.J.D., a Child.
No. 05-08-01113-CV.
Court of Appeals of Texas, Dallas.
October 30, 2009.
Ronald W. Uselton, Attorney at Law, Sherman, TX, for Appellant.
Russell Dunnachiee, Arlington, TX, pro se.
Before Justices O'NEILL, FRANCIS, and LANG.

*518 OPINION
Opinion By Justice FRANCIS.
Diana Joyce Dunnachiee (Mother) appeals the trial court's order on a motion to modify. In a single issue, Mother claims the trial court erred in characterizing the attorney's fees awarded Russell John Dunnachiee (Father) as additional child support and in deducting the attorney's fees from future child support owed to Mother by Father. Because we agree the trial court erred, we (1) vacate that portion of the order characterizing the $6300 in attorney's fees as additional child support, (2) render judgment that the attorney's fees are recoverable as a judgment debt, but not as child support, and (3) remand for recalculation of amounts owed Mother by Father beginning January 1, 2009. In all other respects, we affirm the trial court's order.
Mother and Father were divorced in the fall of 2004. Both were appointed joint managing conservators of their daughter with Mother having the exclusive right to designate the child's primary residence. Father was ordered to pay monthly child support of $1100. In December 2006, Mother filed a petition to increase the amount of child support. Father answered, denying the allegations in Mother's petition, and filed a counter petition to decrease the amount of child support. In April 2008, following a hearing, the trial court granted Father's counter petition, decreased the monthly child support payment amount to $805.96, and ordered the decrease be retroactive from April 1, 2007. The trial court also ordered Mother to pay Father $6300 in attorney's fees "as additional child support." The trial court's order provides for decreased child support payments of $413.91 per month from April 1, 2008 until December 31, 2008 to correct for the overpayments in child support paid by Father from April 1, 2007 until March 31, 2008. The order mandates decreased monthly payments from January 1, 2009 until May 31, 2010 to allow Father to recover the $6300 in attorney's fees. Although Mother did not object at trial, she filed a motion for new trial complaining of the characterization of attorney's fees as additional child support. The motion for new trial was overruled by operation of law.
An award of attorney's fees in the nature of child support is a legal conclusion; therefore, we review the trial court's order de novo. In re M.A.N.M., 231 S.W.3d 562, 566 (Tex.App.-Dallas 2007, no pet.); Naguib v. Naguib, 183 S.W.3d 546, 547 (Tex.App.-Dallas 2006, no pet.). As this Court has previously noted, the Texas Legislature distinguishes between the award of attorney's fees and costs in child support enforcement actions and in modification suits because of the potentially serious consequences that stem from an award of attorney's fees as child support. TEX. FAM.CODE ANN. §§ 106.002, 157.167(a) (Vernon 2008); In re M.A.N.M., 231 S.W.3d at 566; Naguib, 183 S.W.3d at 547. In a suit affecting the parent-child relationship, the trial court has the discretion to render judgment for reasonable attorney's fees; the fees may be collected by any means available for the enforcement of a judgment for debt. Naguib, 183 S.W.3d at 547. In contrast, attorney's fees awarded in a suit involving child support enforcement are not viewed as debt and may be enforced by contempt; thus, they may be awarded as additional child support. See Naguib, 183 S.W.3d at 547.
In this case, the attorney's fees were awarded on a motion to modify, not on a motion to enforce delinquent child support obligations. Thus, "there is no basis in the facts or the law to characterize the award of attorney's fees as `in the *519 nature of child support.'" In re M.A.N.M., 231 S.W.3d at 566 (citing Naguib, 183 S.W.3d at 548). We sustain Mother's sole issue. We vacate that portion of the April 25, 2008 order characterizing the $6300 in attorney's fees due Father as "additional child support," render judgment that the attorney's fees award be characterized as a judgment debt only, and remand this case for recalculation of the amounts owed by Father to Mother beginning January 1, 2009. In all other respects, we affirm the trial court's judgment.