**In the Interest of A.M.W., C.E.W., III, and B.M.W., Children.**

No. 05–08–01674–CV.

Court of Appeals of Texas, Dallas.

May 25, 2010.

Gerald Allen Tadlock, Tadlock Law Office, P.C., Plano, for Appellant.

John R. Oldner, Law Office of John R. Oldner, Plano, for Appellee.

Before Justices MOSELEY, BRIDGES, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

C.W., Jr. (Father) appeals the trial court's order in a suit affecting the parent-child relationship. Father asserts the trial court erred by (1) modifying the amount of child support Father was obligated to pay because N.G. (Mother) failed to prove a material and substantial change in the circumstances of the parties or the children, (2) awarding attorney's fees to Mother because she was not the prevailing party and failed to prove the fees were reasonable and necessary, and (3) awarding attorney's fees in the nature of child support. Mother has not filed a brief responding to Father's complaints. We modify the trial court's order to delete all characterizations of the attorney's fees as "in the nature of child support," render judgment that the attorney's fees are recoverable as a judgment debt, but not as child support, and, as modified, affirm the trial court's order.

## Background [1]

Father and Mother were divorced on April 16, 1992. Mother was named the sole managing conservator of the parties' three children, A.M.W., C.E.W., III, and B.M.W., and Father was ordered to pay $480 per month in child support on the first of every month. On April 24, 1997, the trial court granted Mother's motion to modify and increased Father's child support payment to $635 per month. The trial court found in the modification order that Father's monthly net resources were $2116.

A.M.W. was born on December 15, 1986. In 2002, A.M.W., who was fifteen at the time, became pregnant and began living with Father. Mother testified she signed a "Waiver of Citation" to allow Father to enroll A.M.W. in school. On September 25, 2002, Father appeared in court without Mother and obtained an order naming Father the joint managing conservator with the right to determine A.M.W.'s primary residency and reducing Father's child support obligation to $300 per month. Father testified the child support for C.E.W., III and B.M.W. was reduced so that he could take care of A.M.W. and the baby and that Mother agreed to the reduction in child support. Mother testified she did not know Father was requesting a reduction in child support and denied she agreed to the reduction.

At some point, Mother filed a Suit Affecting the Parent Child Relationship and Suit for Fraud.[2] Mother's claims for fraud were premised on purported misrepresentations made by Father relating to Mother's forgiveness of $9300 in back child support[3] and to the reduction of Father's child support obligation in 2002. Mother served Father with discovery, including request for admissions. Father failed to respond to the request for admissions, and the trial court deemed them admitted. As relevant here, Father was deemed to have admitted (1) he was not paying the $300 per month in child support payments, (2) he has attempted to hide assets and income in order to avoid paying child support, (3) he told Mother the waiver of citation was for the purposes of registering A.M.W. in school, but used the waiver to obtain a reduction in child support without

---

1. We recite only those facts necessary to address Father's issues on appeal.

2. Father represents in his brief that Mother filed this pleading on December 1, 2004.

However, the pleading is not in the clerk's record.

3. This back child support was not at issue in the current modification proceeding.

Mother's knowledge, and (4) on September 25, 2002, he presented no evidence to the trial court as to his income when he requested the child support payments be reduced.

Father testified he started a surveying business in 1999, but did not start "making money" until 2002. He currently grosses between $150,000 and $200,000 per year. Ann W., who was in the process of obtaining a divorce from Father at the time of trial, testified "they" were making between $200,000 and $300,000 per year. She also testified Father maintained an income well above $2100 per month.

The jury found for mother on her fraud claim.[4] However, the trial court set aside the jury's findings on fraud and ordered that Mother take nothing on those claims. On Mother's motion to modify, the trial court found that, when the motion to modify was tried in March 2008, A.M.W. and C.E.W., III were emancipated. The trial court further found B.M.W. was not emancipated, would not graduate from high school in 2008 because of health problems, and "could continue her education through the 2008/2009 school year toward completion of her high school requirements (GED) under the supervision of the Garland ISD." The trial court found the monthly net resources available to Father during the period following the filing of Mother's motion to modify was $2106. The trial court ordered Father to pay Mother $635 per month in child support retroactive to the date the motion to modify was filed and continuing until the date C.E.W., III was emancipated. After that date, Father was ordered to pay Mother $529 per month in child support until Fa-

ther was no longer obligated to support B.M.W. *under the terms of the order.*

## Modification of Child Support

■ In his first issue, Father argues the trial court erred by granting Mother's motion to modify because Mother failed to prove a material and substantial change in Father's or Mother's financial condition since the September 25, 2002 order. The trial court has broad discretion in setting or modifying child support payments, and we will reverse the order only if it appears from the record as a whole that the trial court abused its discretion. *In re A.B.A.T.W.*, 266 S.W.3d 580, 584 (Tex. App.-Dallas 2008, no pet.); *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex.App.-Dallas 2008, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex.App.-Dallas 2009, no pet.).

Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but are relevant in assessing whether the court abused its discretion. *In re A.B.A.T.W.*, 266 S.W.3d at 584; *In re C.C.J.*, 244 S.W.3d at 917. We review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's ruling. *In re A.B.A.T.W.*, 266 S.W.3d at 584. If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id.*

■ The trial court may modify a previous child support order if "the circum-

---

4. The jury was statutorily precluded from considering Mother's request for modification of Father's child support obligation. *See* Tex. Fam.Code Ann. § 105.002(c)(2)(A) (Vernon Supp. 2009) (trial court may not submit to jury issues of support under chapter 154 of the family code).

stances of the child or a person affected by the order have materially and substantially changed" since the date of the order's rendition. TEX. FAM.CODE ANN. § 156.401(a)(1)(A) (Vernon 2008).[5] In determining whether there has been a material and substantial change in circumstances, the trial court must examine and compare the circumstances of the parents and any minor children at the time of the initial order with the circumstances existing at the time modification is sought *In re C.C.J.*, 244 S.W.3d at 917. As the movant, Mother had the burden to show the requisite material and substantial change in circumstances since the entry of the previous order. *Id.* at 918; *Cameron v. Cameron*, 158 S.W.3d 680, 682 (Tex.App.-Dallas 2005, pet. denied).

▮▮▮ A trial court's determination as to whether there has been a material and substantial change of circumstances is not guided by rigid rules and is fact specific. *In re Z.B.P.*, 109 S.W.3d 772, 779 (Tex. App.-Fort Worth 2003, no pet.). Further, contrary to Father's argument, the material and substantial change is not necessarily a change in the financial condition of one of the parties.[6] A change in custody of a child is, in and of itself, a material and substantial change. *Labowitz v. Labowitz*, 542 S.W.2d 922, 925 (Tex.Civ.App.-Dallas 1976, no writ) (father's appointment as managing conservator of children constituted material and substantial change requiring reallocation of financial obligations); *In re Z.B.P.*, 109 S.W.3d at 781–

82 (modification order giving father right to establish children's primary residence was material and substantial change requiring reallocation of financial resources). The trial court may also consider the child support guidelines in chapter 154 of the family code in determining whether there has been a material and substantial change of circumstances. TEX. FAM.CODE ANN. § 156.402(a) (Vernon 2008); *In re A.B.A.T.W.*, 266 S.W.3d at 584. If the amount of ordered child support does not substantially conform with the child support guidelines, the trial court may modify the order to conform with the guidelines if the modification is in the best interest of the children. TEX. FAM.CODE ANN. § 156.402(b); *In re A.B.A.T.W.*, 266 S.W.3d at 584.

A.M.W. began living with Father in 2002. In the September 25, 2002 order, Father was named the conservator with the right to establish A.M.W.'s primary residence. Father testified the amount of child support he was required to pay was reduced because he took custody of A.M.W. Mother filed the motion to modify at issue in this case on December 1, 2004, the month in which A.M.W. turned eighteen. Father was potentially no longer obligated to support A.M.W. once she was emancipated. Accordingly, the trial court could have found A.M.W.'s emancipation was a material and substantial change of circumstances since the September 25, 2002 order. Further, the child support Father was ordered to pay under the Sep-

---

5. We recognize section 156.401 of the family code was amended in both 2005 and 2007. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 972, § 15, 2007 Tex. Gen. Laws 3390, 3394; Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 19, 2005 Tex. Gen. Laws 3148, 3154. Because the relevant statutory language was not changed in either amendment, we cite to the current version of the statute for convenience.

6. Father's net monthly resources at the time of the modification in 1997 were $2116. Father admitted he did not present any evidence of his financial condition to the trial court at the September 25, 2002 hearing. In the order at issue in this appeal, the trial court found Father's net monthly resources were $2106. Accordingly, Father's net monthly resources have remained essentially unchanged since 1997.

tember 25, 2002 order was below the guidelines established by the family code for the remaining two children. *See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 162 (amended 2007) (current version at TEX. FAM.CODE ANN. § 154.125(b) (Vernon Supp. 2009)).

The trial court ordered Father to pay increased child support for C.E.W., III and B.M.W. Given the facts of this case, we cannot say the trial court's determination that an increase in child support was in the best interest of these children was an abuse of the trial court's broad discretion. We overrule Father's first issue.

### Attorney's Fees

■ In issues two and three, Father complains of the trial court's award of attorney's fees to Mother. It is within the trial court's sound discretion to award reasonable attorney's fees in a suit affecting the parent child relationship. TEX. FAM. CODE ANN. § 106.002 (Vernon 2008); *In re R.C.S.*, 167 S.W.3d 145, 152 (Tex.App.-Dallas 2005, pet. denied).

In his second issue, Father asserts Mother failed to prove a material and substantial change in circumstances and, therefore, should not have prevailed on her motion to modify. Father contends that, because Mother should not be the prevailing party, the trial court erred by awarding Mother attorney's fees. In making this argument, Father is simply attempting to reargue his position on the merits of Mother's motion to modify. Mother prevailed on her motion to modify, and we have concluded that Father's challenge to that ruling is without merit. It was within the trial court's discretion to award Mother, as the prevailing party, her attorney's fees. *See In re M.A.N.M.*, 231 S.W.3d 562, 566 (Tex.App.-Dallas 2007, no pet.) (prevailing party is typically one who either successfully prosecutes action or suc-

cessfully defends against action, prevailing on main issue). We overrule Father's second issue; *R.C.S.*, 167 S.W.3d at 152.

■ In his third issue, Father asserts the trial court erred by awarding Mother $20,000 in attorney's fees because Mother failed to prove the fees were reasonable and necessary. Specifically, Father argues Mother incurred attorney's fees for a jury trial on fraud claims on which Mother did not prevail and on child support claims that the jury was statutorily barred from deciding. Therefore, Father contends, the trial court erred by not denying or reducing the attorney's fee award because all the fees were not necessary for the prosecution of the child support modification on which Mother prevailed. Father also asserts the trial court erred by awarding attorney's fees because Mother did not segregate the fees on her failed claims for fraud from her successful claim for a modification of the child support order.

Mother's attorney testified he had been practicing law for twelve years and was familiar with the fees that are reasonable and appropriate in "this type of case." He had worked at least 150 hours on the case, but assessed his "time and efforts at one hundred hours even, but that's a bear [sic] minimum." He charged $200 per hour and his reasonable and necessary attorney's fees "for [Mother's] work" is $20,000. He stated:

> A tremendous amount of work that is not obvious has gone into this case, including—including the attachment of properties in Houston and elsewhere, trying to secure payment of child support, insurance, et cetera.
>
> So the attorney's fees [are] reasonable and necessary at $20,000.

Father did not cross-examine Mother's attorney and did not put on any controverting evidence.

Father contends the trial court erred by failing to apportion some or all of Mother's attorney's fees to the fraud cause of action and by failing to require Mother to prove the portion of her fees that were reasonable and necessary to the prosecution of the motion to modify. A party seeking to recover attorney's fees is "required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex.2006) (citing *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex.1997)). However, the opposing party must properly preserve for appellate review a contention that the fee claimant failed to segregate the fees sought. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex.1997); *McCalla v. Ski River Dev. Inc.*, 239 S.W.3d 374, 383 (Tex.App.-Waco 2007, no pet.). Generally, the issue is preserved by objection during testimony offered in support of attorney's fees or an objection to the jury question on attorney's fees. *McCalla* 239 S.W.3d at 383; *Cullins v. Foster*, 171 S.W.3d 521, 535–36 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).

Father did not object to Mother's failure to segregate the fees between her fraud claim and her motion to modify or to Mother's counsel's global testimony about the time he spent for Mother's "work." Accordingly, he waived any error in the trial court's award of all the fees requested by Mother. We overrule Father's third issue.

**Attorney's Fees as Child Support**

In his fourth issue, Father argues the trial court erred by awarding attorney's fees in the nature of additional child support. The award of attorney's fees in the nature of child support is a legal conclusion. *In re K.J.D.*, 299 S.W.3d 517, 518 (Tex.App.-Dallas 2009, no pet.).

Therefore, we review the trial court's order de novo. *Id.*; *Naguib v. Naguib*, 183 S.W.3d 546, 547 (Tex.App.-Dallas 2006, no pet.).

The Texas Legislature distinguishes between the award of attorney's fees and costs in child support enforcement actions and in modification suits because of the potentially serious consequences that stem from an award of attorney's fees as child support. TEX. FAM. CODE ANN. §§ 106.002(b), 157.167(a) (Vernon 2008); *In re K.J.D.*, 299 S.W.3d at 518; *Naguib*, 183 S.W.3d at 547. The trial court has the discretion to render judgment for reasonable attorney's fees in a suit affecting the parent-child relationship. *In re K.J.D.*, 299 S.W.3d at 518; *Naguib*, 183 S.W.3d at 547. Therefore, the fees may be collected by any means available for the enforcement of a judgment for debt. *In re K.J.D.*, 299 S.W.3d at 518; *Naguib*, 183 S.W.3d at 547. However, attorney's fees awarded in a suit involving child support enforcement are not viewed as debt and may be enforced by contempt; thus, they may be awarded as additional child support. *In re K.J.D.*, 299 S.W.3d at 518; *see also Naguib*, 183 S.W.3d at 547.

In this case, the attorney's fees were awarded on a motion to modify, not on a motion to enforce delinquent child support obligations. Therefore, "there is no basis in the facts or the law to characterize the award of attorney's fees as 'in the nature of child support.'" *In re M.A.N.M.*, 231 S.W.3d at 566 (quoting *Naguib*, 183 S.W.3d at 548). Accordingly, we sustain Father's fourth issue, modify the September 18, 2008 "Final Order in Suit Affecting the Parent–Child Relationship and Suit for Fraud" to delete the characterization of the $20,000 in attorney's fees awarded to Mother as "in the nature of child support," and render judgment that the attorney's

fees award be characterized as a judgment debt only.

As modified, we affirm the trial court's judgment.