NO. 07-08-00346-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
26, 2010

 



 

IN THE INTEREST OF B.L.M. AND C.D.M.,

 MINOR CHILDREN



 



 

 FROM THE 223RD DISTRICT COURT OF GRAY
COUNTY;

 

NO. 34,251; HONORABLE LEE W. WATERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

G.D.M.
(Father) and J.P. (Mother) are the parents of B.L.M. and C.D.M.  Through eight issues Father appeals the trial
court=s order modifying a final decree of
divorce.  We will affirm.

Background

Father and Mother were
divorced in the Lubbock County Court at Law Number 3 by decree signed November
2, 1998.  The decree appointed Father and
Mother joint managing conservators of B.L.M. and C.D.M. with Mother receiving
the right to designate the primary residence of the children.  Father was ordered to make child support
payments of $80 per week and provide health insurance.  Father and Mother were each ordered to pay
fifty percent of any uninsured healthcare expenses.  

Mother remarried and
moved from Lubbock County to Pampa in Gray County.  The record does not establish the date of her
move.  On December 1, 2005, however, the
Office of Attorney General filed a motion to transfer the case to Gray
County.  On December 12, the Lubbock
County Court at Law Number 3 heard a motion to modify the decree brought by
Mother.  A resulting order was signed on
January 13, 2006.  Among other things,
the modification order required Mother to provide health insurance for the
children and Father to pay Mother $80 per month medical support for the
children.  

On February 15, 2006,
the trial court signed a second modification order arising from the December 12
hearing.  It added to the January 13
order requirements affecting the amount of Father=s child support obligation.  Also on February 15, the trial court signed
an order directing Father’s employer to withhold current support from Father’s
earnings.  

On March 6, 2006, the
case was transferred to Gray County.  On
April 25, Mother, apparently appearing pro
se, filed a motion entitled ACorrection and Justification for Motion
to Modify.@ 
The pleading bears no signature or indication of service on Father.  Through it Mother requested modification or
clarification of a prior order or orders. 


 

Also on April 25, the
transferee court signed an order bearing the printed heading AOrder in Suit to Modify-Parent Child
Relationship.@ 
To this title, the trial judge added in longhand, ANunc Pro Tunc.@ 
The order granted some of the relief requested in Mother=s April 25 motion.  It altered Father=s support obligation based on what Mother
alleged was a mathematical error in the February 15 order.  It also ordered Father pay
fifty percent of uninsured healthcare expenses incurred for B.L.M. and
C.D.M.  Contrary to a recital in the
April 25 order, the record before us does not contain a modified order of
withholding for support.  

On April 25, 2006,
Mother also filed an unsigned motion requesting the trial court hold Father in
contempt.  Father was not served with
this motion until March 23, 2007.  Father
answered and in August 2007 filed a motion to modify seeking appointment as
sole managing conservator of the children. 
Also in August 2007, Mother, now represented by counsel, filed an
amended motion to enforce child support.

Following a September
6, 2007, hearing the court signed a temporary order on November 27 providing
that Father have primary custody of C.D.M. and Mother have primary custody of
B.L.M.  The order specified “withholding
orders directing [Father] to pay child support are modified effective September
21, 2007, to provide that child support be paid in the amount of $410.00 per
month.  Credit for any overpayments shall
be applied to future child support owed.” 
The order perpetuated the mutual obligation of the parties for payment
of fifty percent of health care expenses not reimbursed by insurance. 

 

On
May 8, 2008, the court held a final hearing of the parties= pending motions.   Prior to the hearing, Mother and Father
agreed that Father would be appointed managing conservator of C.D.M. and Mother
would be appointed managing conservator of B.L.M.  After hearing the other matters raised, the
trial court issued a letter ruling setting the child support obligations of
Father and Mother, ordering Father reimburse Mother one-half of uninsured
healthcare expenses incurred for the children, awarding attorney=s fees of $1,200 to Mother=s attorney, and taxing court costs
against Father.  The letter ruling was
formalized in an order signed June 30. 
Father timely filed a notice of appeal expressly challenging the June 30
order.

Discussion

In his second issue,
Father argues the evidence was insufficient to support the trial court=s award to Mother of $850 for uninsured
healthcare expenses.  In a finding of
fact, the court found Mother incurred $1,700 of reasonable and necessary
uninsured medical expenses for B.L.M. and C.D.M. and one-half this amount was
the obligation of Father under an unspecified “previous order.” 

We review a trial court=s ruling on a motion for enforcement
under an abuse of discretion standard.  See
In re M.K.R., 216 S.W.3d 58, 61 (Tex.App.BFort Worth 2007, no
pet.) (reviewing
trial court=s ruling on child support arrearages and
payment of attorney=s fees under abuse of discretion
standard); In re T.J.L., 97 S.W.3d 257, 265 (Tex.App.BHouston [14th Dist.]
2002, no pet.)
(abuse of discretion standard applied in reviewing
order enforcing payment of child=s healthcare expenses and uninsured
medical expenses).  A trial court abuses
its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). 
Under the abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of
error, but if implicated are relevant factors for determining whether the trial
court abused its discretion.  Niskar
v. Niskar, 136 S.W.3d 749, 753 (Tex.App.BDallas, no pet.).  See also Beaumont Bank, N.A.
v. Buller, 806 S.W.2d
223, 226 (Tex. 1991).  

We review findings of
fact for legal and factual sufficiency under the same standards applied on
review of a jury=s findings.  Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).

In determining the
legal sufficiency of the evidence, we consider all the evidence in the light
most favorable to the challenged finding, crediting favorable evidence if a
reasonable fact-finder could, and disregarding contrary evidence unless a
reasonable fact-finder could not.  City of Keller v. Wilson, 168 S.W.3d 802, 809 (Tex. 2005).  

When considering a factual sufficiency
challenge of a finding on which the appellant did not bear the burden of proof,
we first examine all of the evidence, Lofton v. Texas Brine Corp., 720
S.W.2d 804, 805 (Tex. 1986), and, having considered and weighed all of the
evidence, set aside the verdict only if the evidence is so weak or the finding
is so against the great weight and preponderance of the evidence that it is
clearly wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).  The trier of fact
is the sole judge of the credibility of the witnesses and the weight given
their testimony.  Rego Co. v. Brannon,
682 S.W.2d 677, 680 (Tex.App.--Houston [1st Dist.]
1984, writ ref’d n.r.e.).

The 1998 decree orders
Father and Mother each Apay 50 percent of all reasonable and
necessary health-care expenses not paid by insurance and incurred by or on
behalf of the parties= child . . . .@ 
At the May 8, 2008 modification hearing, Mother presented evidence that
she paid $1,700.37 in uninsured medical expenses for B.L.M. and C.D.M.  She testified that Father owed one-half this
total.  The court admitted without
objection an exhibit containing Mother=s calculations supporting the total and
copies of medical bills for the children. 
Father did not challenge this evidence by cross-examination or direct
evidence. 

Father also argues
under this issue that the January 13 and February 15, 2006, orders contain no
language obligating him to pay one-half of uninsured medical expenses for the
children.  Concerning these orders, this
is correct.  But as noted, the 1998
decree fixed the obligation for payment of uninsured medical expenses and the
record contains no order modifying this obligation.  Moreover, the orders of January 13 and
February 15 each provide A[a]ll other
terms of the prior orders not specifically modified in this order shall remain
in full force and effect.@  A
valid order thus existed obligating Father for payment
of one-half any uninsured medical expenses incurred for B.L.M. and C.D.M.  We find in ordering reimbursement, the trial
court did not abuse its discretion.  We
overrule Father=s second issue. 

By his fifth issue,
Father contends the trial court failed to properly credit him for overpayment
of child support under temporary orders. 
We review issues regarding payment of child support under the abuse of
discretion standard.  Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990).  The
November 27, 2007, temporary order provides in part, ACredit for any overpayments shall be
applied to future child support owed [by Father].@ 
In its findings of fact and conclusions of law following the final
hearing the trial court stated, AAny alleged overpayment of temporary
child support was taken into account when awarding attorney=s fees to [Mother=s] attorney.@ 
Counsel for Mother sought attorney=s fees of $2,400.  The court awarded $1,200.  Under the facts presented, the trial court
did not abuse its discretion by applying any credit due Father to the amount
Father owed Mother=s attorney rather than to future child
support payments.  We overrule Father’s
fifth issue.

Through his sixth and
seventh issues, Father contends the trial court ordered him to make excessive
child support payments because it failed to find Mother was intentionally
underemployed.  

If the actual income of
a parent obligated to make child support payments is significantly less than
what the parent could earn because of intentional unemployment or
underemployment, the trial court may apply the support guidelines to the
earning potential of the parent.  Tex. Fam. Code Ann. ' 154.066
(Vernon 2008).  

The evidence shows
Mother held a cosmetology license but was unable to work in this trade because
of a back injury.  The existence of the
injury was not challenged.  The evidence
further shows at the time of trial Mother held a part-time position for a school
district transporting students twenty-seven miles between Pampa and Borger in a
school district Suburban.  This position
produced more income than Mother=s immediate past position with a
drugstore.  On cross-examination, Mother
testified she took the position with the school district to be at home with her
children and for insurance benefits. 
Finally, the record does not show what Mother could earn under another
employment scenario, such as practicing cosmetology with or without the
limitations of a back injury.  Under
these facts, the trial court acted within its discretion in finding Mother was
not intentionally underemployed.  We, accordingly, overrule Father=s sixth and seventh issues.

By his third and fourth
issues, Father argues the evidence did not support taxing him with costs of
court and adjudging him responsible for payment of a portion of Mother=s attorney=s fees. 
The basis of the argument is neither party was Acompletely successful@ at the May 8 hearing.  Thus, Father contends, A[f]airness and
equity dictate that each party should be responsible for their own attorney
fees and court costs....@ 

The trial court has
broad discretion to award attorney=s fees and costs under the Family
Code.  See Tex. Fam. Code Ann. ' ' 106.001, 106.002 (Vernon Supp. 2008); Bruni v. Bruni, 924
S.W.2d 366, 368 (Tex. 1996).  We
accordingly apply an abuse of discretion standard on review of such
awards.  Bruni, 924 S.W.2d at
368; In re M.A.N.M. 231 S.W.3d 562, 567 (Tex.App.BDallas 2007, no pet.). 

Counsel for Mother
testified that his fee in the case was $200 per hour which he believed
reasonable.  He incurred twelve hours
preparing for and trying the issues then before the court.  In his opinion, $2,400 was a reasonable fee
for these services.  The court awarded
Mother=s attorney a judgment of $1,200 against
Father for attorney=s fees. 
It also taxed costs of court against Father. 

At
issue in the May 8 hearing were Father=s
motion to modify, Mother=s motion to enforce, and Mother=s motion to sanction Father.  In his motion to modify, Father sought sole
managing conservatorship of B.L.M. and C.D.M. or alternatively supervised
visitation between the children and Mother. 
He also sought an order of child support, including healthcare coverage
of the children, and attorney=s fees and costs.  Father contended Mother was intentionally underemployed.  Mother
sought payment of fifty percent of uninsured healthcare expenses and medical
insurance premiums for B.L.M. and C.D.M., a contempt citation, confinement of
Father for contempt, modification of visitation exchange procedure, increased
child support, a money judgment for intentional infliction of emotional
distress, and attorney=s fees and costs.

Before the hearing, the
parties agreed that each would have primary custody of a child.  Father=s support obligation increased based on
his net resources.  But because of mother=s support obligation, net support due her
decreased.  Father was ordered to
reimburse Mother $850 for uninsured healthcare expenses.  Father was not, however, required to
reimburse Mother for health insurance premiums. 
Father was not held in contempt nor sanctioned.  And Mother did not present her claim for
intentional infliction of emotional distress. 
Visitation was necessarily altered because of the primary custody
agreement of the parties.  

The number and
diversity of issues presented to the trial court with their concomitant
differences in breadth and scope render it impossible to declare one party the Aprevailing party@ at the May 8 hearing.  A[I]n family law cases, it is not always
so easy to determine who the prevailing party is.@  In re M.A.N.M., 231 S.W.3d at 566.  But determining the Aprevailing party@ in the trial court is unnecessary to our
decision as attorney=s fees may be awarded even against the
successful party in a family law case if based on the best interest of the
child.  Nordstrom v.
Nordstrom, 965 S.W.2d 575, 583 (Tex.App.BHouston [1st Dist.]
1997, pet.
denied).  See
In re A.M., 974 S.W.2d 857, 866 (Tex.App.BSan Antonio 1998, no
pet.) (best
interest of children is paramount in family law cases so that award of attorney=s fees and costs to prevailing party not
always appropriate).  Here, in its
findings of fact and conclusions of law issued after its June 30, 2008, final
order, the court found Mother’s attorney’s fees were incurred “in relation to
the children.”  

After review of the
entire record, we are unable to say that the trial court abused its discretion
by taxing attorney=s fees and costs against Father.  We overrule Father=s third and fourth issues.

In his
first issue, Father complains that the April 25, 2006, order is not a proper
judgment nunc pro tunc but
the product of a judicial determination improperly modifying a prior final
order.  He variously characterizes the
April 2006 order as “void” and “voidable,” and appears to contend it forms the
foundation for the June 30, 2008 order that is the subject of this appeal.

Although the April 2006 order
addresses Father’s support obligation, by motions to modify filed during August
2007, Father and Mother continued litigating disputed issues including custody
and support.  A September 2007 hearing
produced an extensive temporary order affecting conservatorship, possession and
access to the children, support, and payment of uninsured health care expenses
of the children.  This order remained in
place until the June 30, 2008, final order now on appeal.  

Assuming for the sake of argument the
April 2006 order was improperly rendered, nothing before us demonstrates the
error probably caused the rendition of an improper judgment on June 30.  See
Tex. R. App. P. 44.1(a)(1).  Father has not shown that error in the
signing of the April 2006 order constitutes reversible error with regard to the
present appeal.  Appellant’s first issue
is overruled.  

Finally,
although not designated an issue on appeal, Father requests
remand of the case to Aa different court.@ 
The record contains no indication that Father challenged venue or sought
a transfer in the trial court.[1]  Absent presentation of the venue issue to the
trial court and preservation of an adverse ruling, nothing is preserved for
appellate review.  See Tex. R.
App. P. 33.1(a).  This issue is overruled.

 

Conclusion

Having overruled each
of Father=s issues, we affirm the judgment of the
trial court.

                                                                                                James T. Campbell

                                                                                                            Justice

 











[1] 
The Family Code provides the exclusive mechanism for challenging and
transferring venue of suits affecting the parent-child relationship.  In re Leder, 263 S.W.3d 283, 286 (Tex.App.BHouston [1st Dist.] 2007, orig.
proceeding).