

# NUMBER 13-14-00729-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF C.J.N.-S. AND J.C.N.-S

### On appeal from the 131st District Court of
### Bexar County, Texas.

# OPINION

### Before Justices Rodriguez, Garza and Longoria
### Opinion by Justice Longoria

Appellant, Kenneth R. Spear, challenges a judgment ordering him to pay $722.85

per month in child support and $250.00 per month in medical support to appellee Karen

L. Narciso for their adult child, C.J.N.-S.[1] *See* TEX. FAM. CODE ANN. § 154.302(a) (West, Westlaw through 2015 R.S.).[2] We reverse and remand.

## I. BACKGROUND

### A. Factual Background

The parties were divorced on July 13, 1998. They had two children but only the interests of C.J.N.-S., their adult daughter, are before the Court.[3] C.J.N.-S. was born on April 8, 1993 and turned eighteen years of age on April 8, 2011. The record reflects that C.J.N.-S. had continuing medical problems which began before she turned eighteen. However, none of the pertinent court documents—including the decree of divorce, an "Agreement Incident to Divorce" that was incorporated into the decree, and a later agreed judgment—addressed whether C.J.N.-S. was disabled.

C.J.N.-S. has lived apart from her parents since 2013, when she was approximately twenty years of age. Around that time, C.J.N.-S. was able to hold down a job caring for children but lost the job after she was diagnosed with gastroparesis in May of 2013. Appellee testified that she paid for C.J.N.-S. to undergo multiple medical procedures. Approximately a year passed between the time of her diagnosis and the trial. At trial, appellee testified that C.J.N.-S. continues to live alone in an apartment, but appellee visits C.J.N.-S. several times a week to help her with household chores.

---

[1] Because the briefs of both parties refer to C.J.N.-S. using her initials, we do also.

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

[3] The original style of the case includes both children. We retained the second child in the style of the case for consistency.

### B. Procedural Background

On March 7, 2014, appellee brought this action seeking an order directing appellant to pay child support and medical support for C.J.N.-S. to appellee. *See id.* C.J.N.-S. was almost twenty-one years of age at the time appellee filed suit, and neither parent claimed to have physical custody or guardianship over C.J.N.-S. Appellant argued to the trial court that appellee did not have standing to bring suit under section 154.303 of the Texas Family Code for that reason. In response, the trial court stated that the language of the statute was unclear and adopted appellee's interpretation that neither physical custody nor guardianship was required for a parent to have standing. The trial court further held that C.J.N.-S. was an adult disabled child and ordered appellant to pay monthly child support and medical support to appellee, his former wife. This appeal followed.

## II. JURISDICTION

We begin with appellant's first issue. Appellant argues that the trial court lacked subject-matter jurisdiction to order him to pay child support for C.J.N.-S. because appellee did not have standing to bring suit under section 154.303 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 154.303 (West, Westlaw through 2015 R.S.).

### A. Standard of Review and Applicable Law

A court has no jurisdiction over a claim if the plaintiff lacks standing to assert it. *Daimler Chrysler Corp. v. Inman,* 252 S.W.3d 299, 304 (Tex. 2008). Standing is a component of subject-matter jurisdiction, and subject-matter jurisdiction is an essential component of a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control*

*Bd.,* 852 S.W.2d 440, 443 (Tex. 1993). Standing can be raised for the first time on appeal. *Id.* at 444–45. We review standing under the same standard by which we review subject-matter jurisdiction generally. *Id.* at 446. Whether the trial court has subject-matter jurisdiction is a question of law that we review *de novo. Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

Section 154.303(a) of the Texas Family Code provides that the following persons have standing to bring suit for support of a disabled child:

> (1) A parent of the child or another person having physical custody or guardianship of the child under a court order; or
>
> (2) the child if the child:
>
>> (A) is 18 years of age or older;
>>
>> (B) does not have a mental disability; and
>>
>> (C) is determined by the court to be capable of managing the child's financial affairs.

TEX. FAM. CODE ANN. § 154.303(a).

## B. Discussion

Appellant argues that section 154.303 requires a parent to have either physical custody of the child or guardianship of the child under a court order to have standing to sue. Appellee responds that the statute imposes no such requirement for a parent to have standing to sue for support of a disabled child.

Statutory construction is a question of law that we review *de novo. City of Lorena v. BMTP Holdings*, 409 S.W.3d 634, 641 (Tex. 2013). Our goal in interpreting a statute is to give effect to the Legislature's intent as expressed in the language of the statute.

4

*See id.* We examine the statute as a whole to give meaning to every part. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a different definition or another meaning is apparent from the context. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *see BMTP Holdings*, 409 S.W.3d at 641. Even when a statute is not ambiguous on its face, we may consider other factors to determine the Legislature's intent, including: the object sought to be obtained; the circumstances of the statute's enactment; the legislative history; the common law or former statutory provisions, including laws on the same or similar subjects; the consequences of a particular construction; any administrative construction of the statute; and the title, preamble, and emergency provision. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (citing TEX. GOV'T CODE § 311.023; *Ken Petroleum Corp. v. Questor Drilling Corp.,* 24 S.W.3d 344, 350 (Tex. 2000)). We prefer a reasonable interpretation of the statutory language which does not yield absurd results. *Id.* at 98.

Agreeing with appellant's interpretation, we hold that the plain meaning of the words used in the statute is that a parent or another person must have physical custody or guardianship of an adult child under a court order to have standing to sue for support. *See* TEX. FAM. CODE ANN. § 154.303(a)(1).[4] Appellee counters that this reading is

---

[4] We do not address whether the statute requires a parent of a minor child to have guardianship under a court order if the parent does not have physical custody of the minor child, because that question is not before us. However, we note parents of minor children naturally have the legal rights to physical possession of a minor child, to consent to the child's medical care, and to receive payments for the child's support. *See* TEX. FAM. CODE ANN. § 154.001(a)(1), (6), (8) (West, Westlaw through 2015 R.S.); *see also*

inconsistent with the text of the statute because the statute allowed only a "parent" of the child to have standing to sue without any mention of custody or guardianship until 1997. *See* Senate Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. S.B. 497, 75th Leg., R.S. (1997). Appellee further argues that the statute was not amended to impose additional requirements upon a parent but to broaden the class of persons who may have standing to sue.

We agree that the purpose of the amendment was to expand the class of persons with standing. However, we disagree that the statute imposes no standing requirements on a parent other than parentage alone. The purpose of Subchapter F of Chapter 154 is to provide support for minor children and for adults who are unable to support themselves due to a disability that existed, or due to the cause of a disability that is known to have existed, before the age of eighteen. *See generally* TEX. FAM. CODE ANN. §§ 154.301– 154.309 (West, Westlaw through 2015 R.S.); *see also Helena Chem. Co*, 47 S.W.3d at 493 (observing that courts may look to the object the Legislature sought to obtain when construing a statute). That the Legislature amended the statute to grant standing to "another person" so long as that person has physical custody or guardianship of a child implies that the Legislature intended the statute to restrict standing to those with legal obligations to care for children.[5] *See* TEX. FAM. CODE ANN. § 154.301(2) (defining "child" for purposes of Subchapter F as "a son or daughter of any age").

---

TEX. ESTATES CODE ANN. § 1104.051(a) (West, Westlaw through 2015 R.S.) (stating parents are natural guardians of their children and are entitled to be appointed guardian of their children's estates).

[5] The Background section of the Senate Bill Analysis of the Act which amended section 154.302 supports our reading. It provides in relevant part:

Furthermore, adopting appellee's interpretation would be inconsistent with the remainder of section 154.303(a). Subsection (a)(2) expressly contemplates that an adult disabled child may bring an action for support if the child does not have a mental disability and the court determines the child is capable of managing that child's own affairs. *See id.* § 154.303(a)(2). We cannot interpret one part of section 154.303(a) as granting standing to parents to sue for support for their adult children based only on their status as parents when the next section expressly contemplates that their adult children would have standing to bring suit on their own behalf in some circumstances. *See Gonzalez*, 82 S.W.3d at 327 (observing that we interpret a statute as a whole to give effect to every part). Furthermore, granting parents of adult children the right to sue for support for their adult children without having to show any sort of continuing obligation to care for their adult children could lead to unjust enrichment in future cases.

Appellee also argues that adopting appellant's reasoning would be inconsistent with section 154.302(a)(1). That provision provides in relevant part, "(a) The court may order either or both parents to provide for the support of a child for an indefinite period and may determine the rights and duties of the parents if the court finds that: (1) the child, *whether institutionalized or not* . . . ." TEX. FAM. CODE ANN. § 154.302(a)(1) (emphasis

---

Currently, Texas law is not clear whether a person other than a parent may receive support for an adult disabled child (ADC) under Sections 154.302 and 154.303, Family Code. In many cases, however, the custody and care of an ADC is undertaken by a grandparent, another relative, or a state agency, or the ADC himself or herself, provided that the ADC is capable. This bill would allow a person other than the parent to take action and receive payments for an ADC, subject to existing conditions.

Senate Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. S.B. 497, 75th Leg., R.S. (1997). The Bill Analysis provides some evidence that the Legislature presumed that a parent with standing to sue would have either physical custody of a child or guardianship of a disabled child.

7

added).  Appellee argues that this language indicates that the Legislature intended that a parent has standing to sue for support for a disabled child whether or not the parent has physical custody of the child.  According to appellee, if we adopt appellant's reading of the statute, an institutionalized child would lose support upon turning eighteen years of age because the parent would not have physical custody.  However, while the statute requires physical possession or guardianship over a child for the parent to have standing to sue, it does not require both.  *See id.* § 154.303(a).  The parent of an institutionalized disabled child who is or is about to reach the age of eighteen may obtain standing by being appointed the child's guardian.  *See id.*; *see also* TEX. EST. CODE ANN. § 1101.001(b)(11) (West, Westlaw through 2015 R.S.)   (setting out the necessary information an application for guardianship over a minor must contain); *id.* §§ 1103.001–.004 (providing a procedure for a parent of a minor who is about to turn eighteen and who will need a guardian in adulthood to begin the process before the minor's eighteenth birthday).

In sum, we adopt appellant's interpretation of the statute and construe it as requiring a parent to have either physical custody of the child or guardianship of the child to have standing to sue under section 154.303.  Here, appellee has not asserted that she has physical custody of her adult disabled child.  She has also not asserted that she has guardianship over her adult disabled child under a court order.  As such, payment of monies to appellee would be inappropriate because her adult child could potentially bring this suit herself.  Appellee and appellant were divorced in 1998 pursuant to a divorce decree and an agreement incident to divorce.  Any standing appellee had to sue on behalf

8

of her disabled minor child ended in 2011 when C.J.N.-S. turned eighteen. *See* TEX. FAM. CODE ANN. § 154.303(a).

We sustain appellant's first issue. Because our resolution of appellant's first issue is dispositive to this appeal, we do not reach appellant's second or third issues. *See* TEX. R. APP. P. 47.1.

## III. CONCLUSION

We hold that appellee did not have standing to bring the action. Therefore, we reverse the trial court's order and remand for entry of judgment for appellant.

Nora L. Longoria
Justice

Delivered and filed the
21st day of July, 2016.