PER CURIAM
This appeal involves a trial court's order directing the father of an adult disabled child to pay child support to the child's mother even though the child did not live with the mother, the mother did not have physical custody of the child, and the mother was not the child's legal guardian. The court of appeals reversed on the basis that the mother did not have standing under the Texas Family Code to seek support. We agree with the trial court that the mother had standing. Accordingly, we reverse the court of appeals' judgment and remand to that court for it to consider the issues it did not reach.
Karen Narciso and Kenneth Spear were divorced in 1998. One of their children, C.J.N.-S., has continuing medical problems, the cause of which the trial court found existed before she turned eighteen in 2011. After turning eighteen, C.J.N.-S. began living apart from her parents. She was diagnosed with gastroparesis in May 2013. Narciso describes the disease as a disorder that interrupts the movement of food through the stomach and causes severe nausea, vomiting, and abdominal cramping. C.J.N.-S. takes medication and uses a feeding tube to control her symptoms. She continues living apart from her parents but has been unable to maintain employment. Narciso pays living and medical expenses for C.J.N.-S. and visits her regularly to help with household chores.
Narciso sought child support from Spear pursuant to Family Code section 154.302. That section provides that a parent may be ordered to pay support for an adult child if the child requires substantial care and personal supervision because of a mental or physical disability existing on or before the child's eighteenth birthday. TEX. FAM. CODE § 154.302. The Family Code specifies who has standing to bring suit seeking such an order:
Standing to Sue
(a) A suit provided by this subchapter may be filed only by:
(1) a parent of the child or another person having physical custody or guardianship of the child under a court order; or
(2) the child if the child:
(A) is 18 years of age or older;
(B) does not have a mental disability ; and
(C) is determined by the court to be capable of managing the child's financial affairs.
Id. § 154.303(a).
Spear responded to Narciso's suit, in part, by arguing that Narciso lacked standing because she did not have either physical custody of C.J.N.-S. or guardianship of her pursuant to a court order. The trial court interpreted the statute as not requiring Narciso to have either. The court concluded that both Narciso and Spear, as parents, had the duty to support C.J.N.-S. and found that it was in C.J.N.-S.'s best interest that they do so. The court ordered Spear to pay monthly support for C.J.N.-S. to Narciso in the amounts of $250 as *591 medical support and $722.85 as child support.
Spear appealed, challenging (1) the trial court's interpretation of section 154.303(a)(1) and (2) the sufficiency of the evidence to support the trial court's findings that (a) C.J.N.-S. requires support due to mental or physical disability caused by a condition that existed before her eighteenth birthday and (b) the amount of support awarded. The court of appeals reversed. It concluded that section 154.303(a)(1) did not give Narciso standing; thus, the trial court lacked jurisdiction over her suit. 501 S.W.3d 646, 651 (Tex. App.-Corpus Christi 2016). Because the jurisdictional issue was dispositive, the court did not reach Spear's remaining issues. Id.
We review questions of statutory interpretation de novo. Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc. , 521 S.W.3d 749, 754 (Tex. 2017). When interpreting statutes, courts presume the Legislature's intent is reflected in the words of the statute and give those words their fair meaning. See ids="12385919" index="3" url="https://cite.case.law/sw3d/521/749/#p754">id. Courts are to analyze statutes "as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." Id. Further, courts presume the Legislature intended for all the words in a statute to have meaning and for none of them to be useless. Spradlin v. Jim Walter Homes, Inc. , 34 S.W.3d 578, 580 (Tex. 2000).
Narciso's position is that the Legislature intended the phrase "a parent of the child" to be separate from the phrase "another person having physical custody or guardianship of the child under a court order." Under that reading, a parent would have standing to bring suit regardless of whether the parent has physical custody or court-ordered guardianship, while persons other than parents would have standing only if they have physical custody of the child or are court-ordered guardians. She asserts that a plain reading of the statute indicates the "or" following "the parent of a child" in section 154.303(a)(1) is to be read in the disjunctive and manifests the Legislature's intent to provide standing to persons other than parents, rather than an intent to impose on parents the additional standing prerequisites of physical custody or guardianship by a court order. She posits that the Legislature intended neither to place additional burdens and expense upon parents of adult disabled children nor to deprive disabled individuals of independence by requiring them to remain in the custody of their parents. Further, she notes that the trial court's continuing jurisdiction over the parties and discretion to reevaluate and redirect support payments is sufficient to guard against abuse or misuse of support payments by the parent receiving them.
Spear's position is that the Legislature intended the entire phrase "a parent of the child or another person" to be modified by the phrase "having physical custody or guardianship of the child under a court order." Under that reading, parents and nonparents alike would have standing to bring suit only if they have either physical custody of, or a court order granting them guardianship of, the child. As we discuss more fully below, he supports his position by noting that the 1997 amendment to section 154.303(a)(1) changed the statute's language from simply "a parent" to "a parent or another person having physical custody or guardianship of the child under a court order." That change, he urges, enlarged the group of persons who have standing to bring suit, but it merely expanded on a legislative presumption that a parent would already have physical custody or guardianship by a court order of the *592 adult disabled child. Additionally, he asserts that because the statute permits adult disabled children without mental disabilities to bring suit themselves, a suit by the child is the avenue the Legislature intended to be used when the adult child is not in the physical custody of the parent and the parent is not the court-ordered guardian.
Narciso reads the statute correctly. If section 154.303(a)(1) affords parents standing only if they have physical custody or court-ordered guardianship of their adult child, then the words "parent of the child" in the statute are rendered meaningless. Under that construction all individuals, regardless of parentage, would have to meet the same requirements. We presume the Legislature intended for no words within the statute to be read as a nullity. Spradlin , 34 S.W.3d at 580. Further, under the last-antecedent doctrine which courts use to aid in interpreting statutes, a qualifying phrase should be applied only to the words or phrase immediately preceding it to which it may be applied without impairing the meaning of the sentence. Id. at 580-81. Here, application of the doctrine leads us to conclude that the qualifying phrase, "having physical custody or guardianship of the child under a court order," is only applicable to the words "another person."
Reading the statute as a whole and reviewing its history confirms the above. Before being amended in 1997, the statute afforded standing only to parents: "a suit under this section may be brought and maintained only by a parent of the child." Acts of June 14, 1989, 71st Leg., R.S., ch. 368, § 2, 1989 Tex. Gen. Laws 298 (amended 1997) (current version at Tex. Fam. Code § 154.303(a) ). Spear acknowledges the prior language, and agrees that the intent of the 1997 amendment was to expand the class of persons who have standing. However, he contends, it does not automatically follow that the statute imposes no standing requirements on parents beyond mere parentage. Indeed, the court of appeals concluded that the amendment implied that the Legislature intended to restrict standing in all cases to individuals with legal obligations to care for adult disabled children. Further, the appeals court determined that the bill analysis discussing the fact that the "custody and care" of an adult disabled child is often undertaken by someone other than a parent provided "some evidence" the Legislature presumed a parent with standing would have either physical custody or guardianship. 501 S.W.3d at 650 n.5 (quoting Senate Comm. on Juvenile Justice and Family Issues, Bill Analysis, Tex. S.B. 497, 75th Leg., R.S. (1997) ). We disagree.
Sections 154.302 and 154.306 reflect the Legislature's consideration of situations in which an adult disabled child might reside outside of her parent's home. Section 154.302 provides that "either or both parents" may be ordered to pay support for the benefit of their adult disabled child "whether institutionalized or not." TEX. FAM. CODE § 154.302. And, with respect to determining the amount of support, the statute directs courts to consider "whether the parent pays for or will pay for the care or supervision of the adult child or provides or will provide substantial care or personal supervision of the adult child" without making any mention of a particular custodial living arrangement. Id. § 154.306.
Spear also contends that because the statute allows adult disabled children to bring suit themselves, this is the Legislature's preferred method when parents neither have physical custody of the child nor are court-ordered guardians. Id. § 154.303(a)(2). Further, he asserts that reading the statute as providing that parentage *593 alone is sufficient for standing is inconsistent with the statute's grant of standing to the adult disabled child individually. But we do not agree. There is simply no indication in the language added in 1997 that the Legislature intended to express a preference either for or against the adult child's being the one to bring suit.
Spear expresses valid concerns that a parent who neither has physical custody of nor is a court-ordered guardian of an adult child, yet receives support payments for the child, might be unjustly enriched because the receiving parent might not actually apply the payments to providing care for the child. However, a remedy exists to solve this potential problem without impacting parental standing. Section 154.302(b) affords trial courts discretion to order payment of the support to the parent, another person with physical custody or court-ordered guardianship, or directly to the adult disabled child. Id. § 154.302(b). And the trial court maintains continuing jurisdiction to modify the support order and make necessary orders to prevent abuse of or by any of the parties. Id. § 155.001.
We grant the petition for review. Without hearing oral argument, we reverse the judgment of the court of appeals. See TEX. R. APP. P. 59.1. The cause is remanded to that court to consider the issues it did not reach: Spear's challenges to the sufficiency of the evidence supporting (1) the trial court's finding that C.J.N.-S. requires support due to mental or physical disability caused by a condition which existed before her eighteenth birthday and (2) the amount of support awarded.