**Opinion filed July 28, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00197-CV
_____

## IN RE KIMBERLY GANDY

### Original Mandamus Proceeding

# O P I N I O N

Relator, Kimberly Gandy, is the alleged paternal grandmother of R.M., the child that is the subject of the underlying suit affecting the parent-child relationship (SAPCR) and for termination of parental rights. She has filed a petition for writ of mandamus and request for emergency relief in this court. In her petition, Relator requests that we direct the Honorable April R. Propst, associate judge of the 326th District Court, to withdraw her order striking Relator's petition in intervention and to allow her to intervene in the underlying suit.[1] Relator further requests that this

---

[1]*See* TEX. GOV'T CODE ANN. § 22.221(b)(3) (West Supp. 2021) (authorizing courts of appeals to issue a writ of mandamus against an associate judge in certain family law cases).

court stay all proceedings in the underlying suit until we issue the mandate and Relator is reinstated as an intervenor, or until Relator exhausts her appellate remedies. After reviewing the petition and the responses, considering the question of law and construing the applicable Texas Family Code provision de novo, we conclude that the trial court abused its discretion in granting the motion to strike the intervention and therefore conditionally grant in part Relator's petition for writ of mandamus.

*Factual and Procedural History*

Real party in interest and mother, A.M., has two children that are the subject of an underlying suit for termination of her parental rights, including R.M. On March 24, 2021, real party in interest Texas Department of Family and Protective Services (the Department) filed for protection, conservatorship, and termination of parental rights of both children.[2] On September 8, 2021, Relator, as the alleged grandmother of R.M. through her deceased biological son, filed a petition in intervention pertaining to R.M. Relator's petition requested adoption of R.M. should the mother's parental rights be terminated, or in the alternative, that Relator be appointed sole managing conservator or possessory conservator of R.M. Relator participated in the proceedings, including hearings and trial, following the filing of her petition.

The Department began its case in chief on February 14, 2022, and, after a continuance, rested its case on March 3, 2022. The trial court resumed on March 17, 2022. After discovering that a presumed father to R.M. was listed in a divorce decree in Taylor County, Texas, Relator filed a motion to dismiss R.M. from

---

[2]The foster parents are designated together as a real party in interest. Because this appeal only relates to Relator's intervention, we do not address the procedural history relating to the foster parents' involvement in the proceedings.

2

the termination suit for failure to notify the presumed father, a necessary party to the SAPCR, of the trial date. The Department filed a motion to strike Relator's intervention later the same day. The court *sua sponte* declared a mistrial and severed R.M. from the case on April 4, 2022. Following a hearing, the trial court granted the Department's motion to strike Relator's petition in intervention and dismissed her from the suit.

*Availability of Mandamus Review*

Mandamus is an extraordinary remedy. *See In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). For an appellate court to issue mandamus, a relator must show that (1) the trial court abused its discretion and (2) the relator has no adequate remedy on appeal. *See In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). While an appellate court defers to the trial court's factual determinations, mandamus may issue when the trial court "fails to correctly analyze or apply the law." *In re C.J.C.*, 603 S.W.3d at 811 (quoting *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding)).

*Analysis*

Standing, like other issues implicating a court's subject-matter jurisdiction, is a question of law and is therefore reviewed de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). When determining whether standing exists in a particular case, the reviewing court construes the pleadings in the light most favorable to the plaintiff and "consider[s] relevant evidence offered by the parties." *Id.*; *see also In re N.L.D.*, 344 S.W.3d 33, 37 (Tex. App.—Texarkana 2011, no pet.) ("In our de novo review of the trial court's determination of standing, we must take as true all evidence

favorable to the challenged party and indulge every reasonable inference and resolve any doubts in the challenged party's favor." (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004))). We look not to whether the party will prevail on the merits but whether he or she may intervene in the suit in the first instance. *See In re H.S.*, 550 S.W.3d at 154–55.

When the legislature "confer[s] standing by statute, 'the analysis is a straight statutory construction of the relevant statute.'" *Creekside Rural Invs., Inc. v. Hicks*, 644 S.W.3d 896, 905 (Tex. App.—Eastland 2022, no pet.) (quoting *In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding)). The Texas Family Code allows a grandparent or other person to intervene in a pending SAPCR if such person meets the requirements of Section 102.004(b) of the Texas Family Code. Section 102.004(b) provides:

> An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person, subject to the requirements of Subsection (b-1) if applicable, deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this chapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

TEX. FAM. CODE ANN. § 102.004(b) (West 2019).

As an initial matter, the Department and the respondent argue that Relator has provided insufficient proof that she is the paternal grandmother of R.M. We disagree. In reviewing the pleadings in the light most favorable to Relator and considering the relevant evidence offered by the parties, we conclude that Relator

provided sufficient proof of her relationship to R.M. to allow her to intervene in the underlying SAPCR.

Relator's pleadings and testimony provide sufficient proof that she is the paternal grandmother of R.M. In her petition for intervention, Relator stated that she is the alleged paternal grandmother to R.M., that she has adopted siblings of R.M, and that Christopher Solomon is the father of the child. At the hearing on the motion to strike, Relator testified that, while the presumed father was incarcerated, Relator's biological son and A.M. were in a "romantic relationship" during the time period relating to R.M.'s conception. She testified that both her biological son and A.M. told her that Relator's biological son was the father of R.M, sent her pictures of an ultrasound, and posted the pictures publicly.

Relator testified that when R.M. was removed from A.M.'s home, the Department contacted Relator and advised her that her "granddaughter was in CPS custody." Relator attended numerous conferences and hearings as R.M.'s alleged grandmother, and she testified that she has "been to every conference, every hearing. I have been here constantly, and anything that I could be." Relator testified that no other person has come forward as R.M.'s father, nor had the Department told her that a person other than her biological son was R.M's father.

Relator also testified that A.M. wants R.M. placed with family and therefore agreed to submit to DNA testing to prove that Relator was "family." Relator maintained her belief that she is R.M.'s grandmother after DNA testing was complete, and she shared the results with R.M.'s mother, A.M. Relator testified that R.M. resembles her biological son and that a "familial bond" existed between Relator, R.M., and R.M.'s alleged half-sibling. Relator then testified that she had

twenty to twenty-five visits with R.M. following her removal and that R.M. "points to me and says 'Grandma' in the visits."

The parties have repeatedly referred to Relator's deceased biological son as R.M.'s biological father, and he has been listed as R.M.'s father in the Department's pleadings. In fact, the Department stated that Relator is the grandmother of R.M. in its motion to strike her intervention. Although R.M. has a presumed father based on Section 160.204(a)(2) of the Texas Family Code, a paternity suit is pending in Taylor County that purports to rebut such a presumption in favor of the deceased biological father based on DNA test results taken by Relator.

The record of the hearing on the motion to strike shows that Relator provided the court with sufficient proof, for purposes of her petition to intervene, that she is R.M.'s paternal grandmother. Therefore, we turn to Relator's principal argument: that Relator has standing to intervene pursuant to Section 102.004(b).

For purposes of standing, the parties disagree as to whether Section 102.004(b) requires a grandparent to prove that he or she has "had substantial past contact with the child" or if such qualifying phrase only applies to "other persons" requesting leave to intervene. Relator argues that, in order to defeat the motion to strike her intervention, Section 102.004 only required her to prove that the "appointment of a parent as a sole managing conservator . . . would significantly impair [R.M.'s] physical health or emotional development" without the need to additionally prove that Relator had "substantial past contact" with R.M. In so arguing, Relator relies on *In re Nelke*, 573 S.W.3d 917, 922–23 (Tex. App.—Dallas 2019, orig. proceeding), a case that based its holding in part on the "last-antecedent" canon of construction. The "last-antecedent" doctrine states that "a qualifying phrase should be applied only to the words or phrase immediately preceding it to

6

which it may be applied without impairing the meaning of the sentence." *See In re C.J.N.–S.*, 540 S.W.3d 589, 592 (Tex. 2018) (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580–81 (Tex. 2000)).

The Department urges that we instead adopt and apply the "series-qualifier doctrine" canon of construction, which states that "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." *Sullivan v. Abraham*, 488 S.W.3d 294, 297 (Tex. 2016) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147 (2012)).

We agree with Relator's reading of Section 102.004(b) and hold that the "last-antecedent" doctrine is the more appropriate canon of construction to apply in this instance. *See Perryman v. Spartan Tex. Six Cap. Partners, Ltd.*, 546 S.W.3d 110, 121 (Tex. 2018) (absence of a comma after term "indicates an intent to limit the . . . modifier to the last item in the series" (quoting *Sullivan*, 488 S.W.3d at 298)); *In re C.J.N.–S.*, 540 S.W.3d at 592; *In re Nelke*, 573 S.W.3d at 922–23. It is instructive how the Texas Supreme Court used the last antecedent rule in *In re C.J.N.–S.* with regard to the construction of a Texas Family Code section addressing standing to bring suit for adult child support. We find no case more analogous or authoritative. The phrase to be construed in that case was: "a parent of the child or another person *having physical custody or guardianship of the child under a court order*." 540 S.W.3d at 590 (emphasis added). The court noted the absence of commas and held that the last phrase "having physical custody or guardianship" modified only "another person" and not "a parent of the child." *Id.* at 592. The court's interpretation of the statute was that *a parent*, even without physical custody or court-ordered guardianship, had standing to bring suit for child support. *Id.* The

7

phrasing in Section 102.004(b) regarding standing of a grandparent may be similarly construed, particularly when we review the statute's wording and punctuation immediately before subsection (b-1) was added. Subsection (b-1) was added to Section 102.004 by amendment in 2017. That 2017 amendment also added to subsection (b) the phrase set off by commas "*, subject to the requirements of Subsection (b-1) if applicable,*" in support of the new subsection (b-1) provision. Accordingly, prior to the 2017 amendment that added subsection (b-1), Section 102.004(b) read as follows:

> (b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, *the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child* leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 3, 2005 Tex. Gen. Laws 3148, 3149 (emphasis added), *amended by* Act of May 19, 2017, 85th Leg., R.S., ch. 341, § 1, 2017 Tex. Gen. Laws 985. Applying the same principles of construction used in *In re C.J.N.–S.* to the statute as originally drafted, the apparent intent of the legislature in drafting Section 102.004(b) is to apply the requirement of "deemed by the court to have had substantial past contact with the child" only to "or other person" and not to "a grandparent."

We presume that the legislature "chose its words carefully" in drafting Section 102.004 and that, in drafting such statute, it did not intend to render any words a nullity. *See In re C.J.N.–S.*, 540 S.W.3d at 592; *Spradlin*, 34 S.W.3d at 580. Applying the "substantial past contact" qualifying statement to a grandparent

requesting standing would render the word "grandparent" a nullity, as a grandparent is necessarily a "person." Clearly, the 2017 amendment to Section 102.004 provided an additional qualifier for an "other person" seeking to intervene in a pending suit, without change to a grandparent's requirements under the statute. *See* Act of May 19, 2017, 85th Leg., R.S., ch. 341, § 1, 2017 Tex. Gen. Laws 985 (codified at TEX. FAM. CODE § 102.004(b), (b-1)) (foster parent, as an "other person," may only intervene under subsection (b) if he or she would have standing to file an original suit under Section 102.003(a)(12)).

A plain reading of the statute indicates that the legislature intended to group "grandparents" separately from "other persons" for purposes of intervening, thereby providing standing to (1) a grandparent to intervene or (2) an "other person" who has had substantial past contact with the child to intervene. *In re Nelke*, 573 S.W.3d at 922–23 (the phrase "substantial past contact" only modifies "other person," not "both items in the list of persons with standing").

We conclude that Relator has standing to intervene in the pending SAPCR pursuant to Section 102.004(b). Accordingly, at the hearing, Relator needed only to provide "satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development." FAM. § 102.004(b). As used in the Texas Family Code, the term "satisfactory proof" requires only proof by a preponderance of the evidence. *Mauldin v. Clements*, 428 S.W.3d 247, 263 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re C.A.H.*, No. 11-10-00040-CV, 2011 WL 947082, at *2 (Tex. App.—Eastland Mar. 3, 2011, no pet.) (mem. op.). We review the child's circumstances at the time the intervention was filed. *Mauldin*, 428 S.W.3d at 263 (citing *In re S.M.D.*, 329 S.W.3d 8, 13 (Tex.

App.—San Antonio 2010, pet. dism'd)).  Relator stated that the Department's caseworker was told that A.M.'s current husband broke R.M.'s arm.  Relator expressed concern for R.M.'s well-being if she maintained "ongoing contact with someone that broke her arm," specifically that such contact would hinder her emotional development after being exposed to "preverbal trauma."  Relator provided satisfactory proof to the trial court that appointment of the parents as managing conservators would significantly impair the child's health or emotional development.

Furthermore, Relator's intervention will not complicate the case, and "intervention is almost essential" to effectively protect Relator's interest.  *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (holding that trial court abused its discretion when it struck plea in intervention).  Because Relator has shown (1) that the trial court abused its discretion in that it failed to correctly analyze or apply the law and (2) that Relator has no adequate remedy on appeal, Relator is entitled to mandamus relief.  *See In re C.J.C.*, 603 S.W.3d at 811.

*Relator's Motion for Emergency Relief*

In her motion for emergency relief, Relator requests that we stay proceedings in the trial court until Relator is reinstated as a party or she exhausts all her appeals.  Section 263.401(b-1) of the Texas Family Code permits a trial court to extend its jurisdiction to hear a SAPCR in the event of a mistrial if the trial court (1) renders an order that schedules an automatic dismissal date not to exceed 180 days after the date the motion was granted, (2) sets a new trial date within the equivalent timeframe, and (3) makes temporary orders for the safety and welfare of the child as necessary to avoid further delay.  FAM. § 263.401(b-1) (West Supp. 2021).  On April 27, 2022, the trial court entered an order retaining the suit on its docket and set

an automatic dismissal deadline of September 13, 2022. Therefore, Relator's request to stay proceedings is denied.

*This Court's Ruling*

Having failed to correctly analyze or apply the statute, the trial court abused its discretion when it granted the Department's motion to strike Relator's intervention. We conditionally grant in part Relator's petition for writ of mandamus. Given the automatic dismissal deadline of September 13, 2022, and the upcoming scheduled hearing dates, time is of the essence. Respondent is directed to vacate her order granting the Department's motion to strike Relator's plea in intervention. If Respondent fails to do so on or before August 4, 2022, mandamus will issue. This court denies any further relief requested, including Relator's request for emergency relief.

W. BRUCE WILLIAMS

JUSTICE

July 28, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.