

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-22-00219-CV**

**IN THE INTEREST OF K.T.R.,**
**A CHILD**

_____

**From the 74th District Court**
**McLennan County, Texas**
**Trial Court No. 2020-3858-3**

**MEMORANDUM OPINION**

K.T.R.'s former foster parents (the Fosters) appeal the trial court's order granting the motions to strike their petition in intervention and petition for adoption. We will reverse and remand.

**Background**

The underlying facts are not disputed. K.T.R. was removed from Mother by the Department of Family and Protective Services (the Department), and the associate judge granted the Department temporary managing conservatorship over K.T.R. K.T.R.'s father is deceased. The Department placed K.T.R. with the Fosters on December 4, 2020. On December 1, 2021, Mother filed a Motion for Change in Placement. A hearing on

Mother's motion was held on December 2, 2021. The Fosters were not given ten days' notice of the hearing but were allowed to participate after receiving knowledge of the hearing although they had not intervened in the case. The parties conceded at the hearing that, factually, the Fosters had past substantial contact with K.T.R., but the Department and Mother did not concede that, legally, the Fosters had standing. The associate judge granted Mother's motion and ordered that K.T.R. be placed in another foster home (the Second Foster).

On December 3, 2021, the Department removed K.T.R. from the Fosters' home pursuant to the associate judge's order. On December 6, 2021, the Fosters filed a petition in intervention; they also filed an original petition for adoption in a new cause number. In both petitions, the Fosters recited Sections 102.003(a)(12) and 102.005(5) of the Family Code as the basis for standing. *See* TEX. FAM. CODE ANN. §§ 102.003(a)(12), 102.005(5). On December 9, 2021, the Fosters then filed a first amended petition in intervention and a first amended petition to terminate and adopt. In both amended petitions, the Fosters based standing on Sections 102.003(a)(12), 102.005(3), and 102.005(5). *See id.* §§ 102.003(a)(12), 102.005(3), 102.005(5). The associate judge consolidated both cases on December 13, 2021. On December 29, 2021, the associate judge then signed an order granting the following: (1) the Joint Motion to Strike and Objection to Petition in Intervention filed by the Department and the Attorney Ad Litem; (2) the Motion to Strike and Objection to Petition in Intervention filed by Mother; (3) the Plea to the Jurisdiction and Motion to Strike the Fosters' petition for adoption filed by the Attorney Ad Litem; and (4) the Plea to the Jurisdiction and Motion to Strike the Fosters' petition for adoption

filed by the Department. The Fosters did not request a de novo hearing of the associate judge's order.

On January 10, 2022, the Fosters filed an original petition for mandamus in this Court in Cause Number 10-22-00003-CV, seeking revocation of the associate judge's order removing K.T.R. from their care and the associate judge's order granting the motions to strike and pleas to the jurisdiction. The Fosters' petition was denied on January 21, 2022. *See In re Heuer*, No. 10-22-00003-CV, 2022 WL 195659, at *1 (Tex. App.—Waco Jan. 21, 2022, orig. proceeding) (mem. op.).

On March 7, 2022, the Fosters filed a second petition in intervention. The second petition referenced only Section 102.005(5) as the basis for standing. *See* TEX. FAM. CODE ANN. § 102.005(5). The Department and Mother filed motions to strike the second petition in intervention. The associate judge declined to consider the Fosters' second intervention, noting "the recent intervention alleges no new facts, nor different statutes from those already litigated." The Fosters then requested a de novo hearing before the referring court, identifying the issue to be reviewed as: "The Court erred in issuing her findings which has the effect of granting the Motions to Strike Intervenor's Petition in Intervention that was filed on March 7, 2022." After a de novo hearing, the district court signed an order on May 13, 2022, granting the motions to strike the second petition in intervention.

The associate judge's final order appointed Mother and the Second Foster, a non-relative, as joint managing conservators of K.T.R. and removed the Department as temporary managing conservator. Mother was granted supervised visitation with K.T.R.

for three hours on the first and third Saturdays of the month. The Fosters then initiated the present appeal.

## Issues

The Fosters present the following issues:[1]

1)     Whether the trial court abused its discretion in granting the Motions to Strike?

2)     Whether the trial court abused its discretion in granting the Plea to the Jurisdiction?

3)     Whether Appellants' due process rights were violated when the trial court conducted a placement change hearing without providing Appellants with 10 days' notice as required by Texas Family Code § 263.0021 and subsequently denied Appellants standing to intervene, in part, based upon the argument that Appellants only had "11 months and 30 days" of time with the child?

## Issues One and Two

Both Issues One and Two concern whether the Fosters have standing.

AUTHORITY

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).

> Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintain[ing] suit. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). In assessing standing, the merits of the underlying claims are not at issue. *See* [*id.*] ("Here, the merits of Grandparents' claims—that is, whether they should be appointed Heather's managing conservators with the right to designate her primary residence—have not yet been considered by any court and are not before us.").

---

[1] Although the Fosters do not concede that they did not have custody of K.T.R. for "12 months ending not more than 90 days preceding the date of the filing of the petition" as required by Section 102.003(12) of the Family Code, the Fosters do not raise this issue on appeal. *See* TEX. FAM. CODE ANN. § 102.003(a)(12). The Fosters also do not assert they had standing under Section 102.003(c) as K.T.R. had not been approved for adoption. *Id.* § 102.003(c).

The party asserting standing bears the burden of proving that issue. *In re A.D.T.*, 588 S.W.3d 312, 316 (Tex. App.—Amarillo 2019, no pet.); *In re S.M.D.*, 329 S.W.3d 8, 13 (Tex. App.—San Antonio 2010, pet. dism'd). In assessing standing, a reviewing court should look to the pleadings but may consider relevant evidence of jurisdictional facts when necessary to resolve the jurisdictional issues raised. *In re H.S.*, 550 S.W.3d at 155. Standing is a question of law that the court reviews *de novo*. *Id*. If a party does not have standing, the court is deprived of subject matter jurisdiction, and the merits of the party's claims cannot be litigated or decided. [*Id.*]

*In re Torres*, 614 S.W.3d 798, 801 (Tex. App.—Waco 2020, no pet.).

As a general rule, an individual's standing to intervene is commensurate with that individual's standing to file an original lawsuit. *Whitworth v. Whitworth*, 222 S.W.3d 616, 621 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A party's standing to file an original suit affecting the parent-child relationship is typically governed by sections 102.003 (general standing), 102.004, and 102.005 (additional standing for others) of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 102.003–.005 (West 2014).

*In re A.C.*, Nos. 10-15-00192-CV & 10-15-00193-CV, 2015 WL 6437843, at *9 (Tex. App.—

Waco Oct. 22, 2015, no pet.) (mem. op.).

Standing in a suit affecting the parent-child relationship ("SAPCR") is governed by the Family Code. *See In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied). A party seeking relief in a SAPCR must allege and establish standing within the parameters of the language used in the relevant statute. *See In re Tinker*, 549 S.W.3d 747, 751 (Tex. App.—Waco 2017, orig. proceeding). "Because standing to bring a SAPCR is governed by statute, we apply statutory-interpretation principles in determining whether a plaintiff falls within the category of persons upon whom such standing has been conferred." *In re H.S.*, 550 S.W.3d at 155.

*In re Torres*, 614 S.W.3d at 801.

. . . When interpreting statutes, we presume the Legislature's intent is reflected in the words of the statute and give those words their fair meaning. *In re C.J.N.–S.*, 540 S.W.3d 589, 591 (Tex. 2018). We analyze statutes "as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex.

2017); *see also R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) ("When the Legislature uses a word or phrase in one portion of a statute but excludes it from another, the term should not be implied where it has been excluded.").

*In re H.S.*, 550 S.W.3d at 155.

If the language of the statute is unambiguous, we do not consider extrinsic aids such as legislative history "because the statute's plain language most reliably reveals the legislature's intent." *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018); *see also EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020) ("We turn to extrinsic sources only if the statute is ambiguous or if applying the statute's plain meaning would produce an absurd result.").

As applicable here, Section 102.003 of the Family Code, entitled "General Standing to File Suit," provides, in part:

(a) An original suit may be filed at any time by:

. . . .

(9) a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition; [or]

. . . .

(12) a person who is the foster parent of a child placed by the Department of Family and Protective Services in the person's home for at least 12 months ending not more than 90 days preceding the date of the filing of the petition;

. . . .

(c) Notwithstanding the time requirements of Subsection (a)(12), a person who is the foster parent of a child may file a suit to adopt a child for whom the person is providing foster care at any time after the person has been

approved to adopt the child. The standing to file suit under this subsection applies only to the adoption of a child who is eligible to be adopted.

TEX. FAM. CODE ANN. § 102.003.

As applicable here, Section 102.004 of the Family Code, entitled "Standing for Grandparent or Other Person," provides, in part:

> (b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person, subject to the requirements of Subsection (b-1) if applicable, deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this chapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.
>
> (b-1) A foster parent may only be granted leave to intervene under Subsection (b) if the foster parent would have standing to file an original suit as provided by Section 102.003(a)(12).

*Id.* § 102.004.

As applicable here, Section 102.005 of the Family Code, entitled "Standing to Request Termination and Adoption," provides, in part:

> An original suit requesting only an adoption or for termination of the parent-child relationship joined with a petition for adoption may be filed by:
>
> . . . .
>
> (3) an adult who has had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition; [or]
>
> . . . .
>
> (5) another adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing to do so.

*Id*. § 102.005.

DISCUSSION

The Fosters asserted standing under both Sections 102.005(3) and (5) in their first amended petition in intervention and first amended petition for adoption and termination. The Fosters possessed standing because they met the requirements of Section 102.005(3)—they had actual possession and control of K.T.R. "for not less than two months during the three-month period preceding the filing of" their first amended petition for termination and adoption. *Id*. § 102.005(3). Because they had standing to file suit, they also had standing to intervene. *In re A.C.*, 2015 WL 6437843, at *9.

The plain language of the Family Code allows foster parents to establish standing other than through Section 102.003(a)(12). *See In re C.E.L.*, No. 09-21-00294-CV, 2022 WL 619670, at *2 (Tex. App.—Beaumont Mar. 3, 2022, pet. denied) (mem. op.). *In re C.E.L.* is a factually similar case in which the Beaumont Court of Appeals concludes that Section 102.005(3) does not exclude foster parents from filing a petition for termination and adoption. *Id*. at *3–4. While the Legislature amended Section 102.005 in 2007, "the Legislature neither limited subsection (3) to exclude foster parents nor made the other subsections exclusive means through which a foster parent could petition for termination and adoption." *Id*. at *4.

Our *Torres* opinion is not in conflict because *Torres* involves an analysis of subsections (a)(9) and (a)(12) of Section 102.003 rather than the interplay between Sections

102.003(a)(12) and 102.005(3) and (5). *See* TEX. FAM. CODE ANN. §§ 102.003(a)(9), 102.003(a)(12), 102.005(3), 102.005(5); *see also In re Torres*, 614 S.W.3d at 803.

After a de novo review, we conclude that the Fosters had standing under Section 102.005(3) to file their first original petition for termination and adoption, which also gave them standing to intervene in the SAPCR filed by the Department. The trial court erred in determining that the Fosters did not have standing. We sustain the Fosters' first and second issues. We express no opinion regarding the ultimate merits of their claims.

Because we sustain the Fosters' first and second issues, we need not address Issue Three.

## Conclusion

Having sustained the Fosters' first and second issues, we reverse the Final Order in Suit Affecting the Parent-Child Relationship signed on June 21, 2022, and we remand the case to the trial court for further proceedings not inconsistent with this opinion.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Reversed and remanded
Opinion delivered and filed December 21, 2022
[CV06]

